UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JEFFREY CORTEZ OLIVER,<br><br>Plaintiff,<br><br>v.<br><br>CORIZON HEALTHCARE INC., *et al.*,<br><br>Defendants. | Case No. 22-cv-12104<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT WELLPATH AND DEFENDANT AMES' MOTIONS TO DISMISS [ECF NOS. 10, 15]**

### I.  Introduction

Pro se prisoner Jeffrey Cortez Oliver brings this action under 42 U.S.C. § 1983, alleging that Defendants Wellpath/Prairie Health Care, licensed nurse practitioner Hope Ames, and Corizon Healthcare, Inc., were deliberately indifferent to his medical needs and discriminated against him in violation of the Eighth and Fourteenth Amendments, the Americans with Disabilities Act (ADA), and the Rehabilitation Act.  ECF No. 1, PageID.3.  The Honorable F. Kay Behm referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 25.

Wellpath and Ames move to dismiss for failure to state a claim. ECF No. 10; ECF No. 15. For the reasons below, the Court **RECOMMENDS** that defendants' motions be **GRANTED**.

## II.  Background

In his two-page verified complaint, Oliver alleges that Wellpath, Ames, and Corizon denied him medical treatment for an unidentified foot condition. ECF No. 1, PageID.3. He also alleges that defendants discriminated against him because he is African American; they allegedly treated Caucasian prisoners for the same injuries but refused to treat his. *Id.* And Oliver alleges that "Corizon failed to properly supervise and train its employees" and failed to maintain a constitutional custom, policy, and or practice for treating foot ailments. *Id.*, PageID.4.

Oliver sues Ames in her individual and official capacities, and he sues Wellpath in its official capacity. *Id.*, PageID.1, 5. And he seeks compensatory and punitive damages, claiming that he "lost his ability to fully be mobile" and that his feet are disfigured. *Id.*, PageID.3-4.

## III.  Analysis

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations.  *Id.*  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).

Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such

3

complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Wellpath argues that Oliver failed to state any claims against it. ECF No. 10, PageID.50-51. The Court agrees. Private corporations like Wellpath that perform the traditional state function of providing medical services to prison inmates may be sued under § 1983. *Rouster v. Saginaw County*, 749 F.3d 437, 453 (6th Cir. 2014). But "private corporations cannot be held liable on the basis of respondeat superior or vicarious liability." *Id.* Liability will attach only if a custom, policy, or practice attributable to the corporation "was the moving force behind the violation of plaintiff's constitutional rights." *Heyerman v. Calhoun County*, 690 F.3d 642, 648 (6th Cir. 2012) (cleaned up). To show that Wellpath is liable, Oliver must allege and prove a direct causal connection between Wellpath's policies or customs and his constitutional injury. *Gray v City of Detroit*, 399 F.3d 612, 617 (6th Cir. 2005).

Oliver alleges that the "named defendants" failed to treat his foot injuries and discriminated against him. ECF No. 1, PageID.3. But he does not allege that Wellpath's policies or customs caused his injuries, as he

4

admits in his response. ECF No. 13, PageID.58 ("Admittedly, I did not raise a policy, practice or custom theory of liability.").[1] Thus, Oliver fails to meet his pleading burden, and Wellpath's motion to dismiss should be granted.

### C.

Ames argues that Oliver failed to state a deliberate indifference claim against her. ECF No. 15, PageID.76. The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits prison officials from inflicting "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (cleaned up). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eight[h] Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

A deliberate indifference claim has an objective and a subjective component. *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). The

---

[1] Oliver argues that Corizon has an unconstitutional policy of denying prisoners medical care to increase its profits. ECF No. 13, PageI.58-59. But that argument concerns Corizon and not Wellpath, and Oliver makes no such allegation against Wellpath in the complaint.

objective component requires a plaintiff to allege that the medical need at issue is "'sufficiently serious.'" *Id.* at 702-03 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Oliver's pleadings are insufficient to satisfy the objective component because, while he alleges denial of treatment for a foot condition, he did not describe the nature of his foot condition.  Thus, he failed to plead facts showing that his medical condition was objectively serious.

"To satisfy the subjective component, the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 703.  Oliver states no facts showing that Ames perceived facts to infer a substantial risk of harm, that she drew the inference, and that she disregarded that risk.  In fact, Oliver fails to allege any facts against Ames directly.  *See* ECF No. 1.

Oliver claims that the "named defendants" refused him medical treatment for his feet and discriminated against him by treating other prisoners for the same injuries.  ECF No. 1, PageID.3.  But blanket allegations against "defendants" generally, without saying with particularity what *each* defendant did to violate the asserted constitutional right, is not

6

enough.  See *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019).  Oliver must allege how each defendant "through his own individual actions, *personally* violated [plaintiffs'] rights."  *Johnson v. Mosley*, 790 F.3d 649, 653 (6th Cir. 2015) (cleaned up).  "[T]he collective acts of defendants cannot be ascribed to each individual defendant."  *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012).

Thus, because Oliver did not describe what Ames individually did to violate his rights, he fails to state any claims against her.

IV.   Conclusion

The Court **RECOMMENDS** that Wellpath's motion to dismiss (ECF No. 10) and Ames' motion to dismiss (ECF No. 15) should be **GRANTED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: March 30, 2023

**NOTICE TO THE PARTIES ABOUT OBJECTIONS**

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal

7

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 30, 2023.

s/Marlena Williams<br>
MARLENA WILLIAMS<br>
Case Manager